**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES SCHAROUN** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | Civil Action No. _____ |
| | § | |
| **MONA and NADA CORPORATION,** | § | |
| **MIKE MOHMOUD BARAKAT D/B/A** | § | |
| **DALLAS CAR AUDIO & GLASS** | § | |
| | § | |
| *Defendants.* | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF THE COURT:**

COME NOW, Plaintiff, **JAMES SCHAROUN** (hereinafter "**SCHAROUN**" or "**PLAINTIFF**"), through undersigned counsel, files this Complaint against Defendants **MONA and NADA CORPORATION, MIKE MOHMOUD BARAKAT D/B/A DALLAS CAR AUDIO & GLASS** (hereinafter collectively "**BARAKAT**" or "**DEFENDANTS**" or "**DALLAS CAR AUDIO & GLASS**") and alleges:

### NATURE OF SUIT

1.      The Fair Labor Standards Act (hereinafter "FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed."

*Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. §207(a)).

2.      Defendants violated the FLSA by paying the employee straight time for overtime hours thereby failing to pay his employee at time-and-one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours.

3.      Defendants further violated the FLSA by mis-categorizing Scharoun as "exempt" from the overtime wage provisions of the FLSA in an effort to avoid paying Scharoun time-and-one-half his regular rate of pay for all hours worked within a workweek in excess of forty hours.

PARTIES

4.      Plaintiff, **JAMES SCHAROUN**, is an individual residing in Dallas County and was employed by Barakat within the meaning of the Fair Labor Standards Act within the three (3) year preceding the filing of this Complaint.

5.      Defendant, **MONA and NADA CORPORATION**, is a Texas corporation with its principal place of business at 3806 S. Buckner Blvd, Dallas, Texas, 75227.  This Defendant can be served by and through its Registered Agent, Mike Barakat, at **9110 Bruton Road, Dallas, Texas 75214-2010**, or wherever else he can be found.

6.      Defendant, **MIKE MOHMOUD BARAKAT D/B/A DALLAS CAR AUDIO & GLASS,** is an individual Defendant who runs the day-to-day operations of Dallas Car Audio & Glass for the relevant time period and was responsible for paying Scharoun's wages for the relevant time period and controlled Scharoun's work and schedule and was therefore Scharoun's employer as defined by 29 U.S.C. 203(d).  Defendant may be served with process at, **3806 S. Buckner Blvd, Dallas, Texas 75227**, or wherever else he may be found.

JURISDICTION & VENUE

7.      This Court has original jurisdiction over Scharoun's claims because Scharoun has asserted a claim arising under federal law.  Scharoun's claims arise under the Fair Labor Standards Act (hereinafter "FLSA").  29 U.S.C. §201 *et. seq.*  Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

8.      Venue is proper in the Northern District of Texas because Barakat's principal place of business is in the Northern District and all acts or omissions giving rise to the dispute took place in the Northern District of Texas.

<u>COVERAGE</u>

9.      At all material times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Scharoun.

10.      At all times hereinafter mentioned, Defendants were an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

11.      At all times hereinafter mentioned, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

12.      At all times hereinafter mentioned, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12.      At all times hereinafter mentioned, Defendants were an employer who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

<u>FACTUAL ALLEGATIONS</u>

**A.    <u>Defendants</u>**

13.    Scharoun re-alleges Paragraphs 1 through 12 and incorporates the same herein by reference.

14.    As evidenced by its name, Dallas Car Audio & Glass is a car stereo shop engaged in selling a variety of electronic accessories for cars.  In addition to accessories, the principal location of Dallas Car Audio & Glass offers a variety of mechanical and other vehicle services (*e.g.* oil changes, A/C service, alignments, windshield replacement services, state inspection services, window tinging, etc.).  Defendants regularly employ two or more employees handling the various goods and materials bought and sold by Dallas Car Audio & Glass.

15.    Dallas Car Audio & Glass' business activities involve those to which the Fair Labor Standards Act applies.  Both Defendants business and Scharoun's work for Dallas Car Audio & Glass affected interstate commerce for the relevant time period because the goods and materials that Scharoun used on a constant and/or continual basis and/or that were supplied to him by Dallas Car Audio & Glass to use on the job moved through interstate commerce prior to and/or subsequent to Scharoun's use of the same.  Additionally, Defendants provided the facility and customers, performed the advertising, set the pricing, invoiced customers, and collected payments. Scharouns' work for Dallas Car Audio & Glass was actually in and/or so closely related to the movement of commerce while he worked for Dallas Car Audio & Glass that the Fair Labor Standards Act applies to Scharoun's work for Dallas Car Audio & Glass.

16.    Defendants are responsible for the day-to-day operations of Dallas Car Audio & Glass.  Defendants are also responsible for determining compensation policies and procedures with respect to Scharoun and others similarly situated.

**B.**     <u>**Violation of FLSA**</u>

17.     Scharoun re-alleges Paragraphs 1 through 16 and incorporates the same herein by reference.

18.     Scharoun worked for Dallas Car Audio & Glass as an employee from 2015 through December 2019.  Scharoun's duties during his period of employment included, but was not limited to: (1) opening/closing the store; (2) keeping the store organized and clean; (3) taking in customer orders; (4) writing customer tickets; (5) maintaining the computer and other electronic systems of the store.  Scharoun was assigned his work schedule by the Defendant and/or agents of the Defendant.

19.     Scharoun worked an average of 60-65 hours each week beginning in 2015 through the date of his termination.  Scharoun earned $450.00 each week and was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act.  Scharoun therefore claims the half time overtime rate for each overtime hour worked above 40 hours in a work week.

20.     Defendants knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice by mis-categorizing Scharoun by paying a "weekly salary" in an effort to skirt the overtime wage provisions of the Fair Labor Standards Act.

<u>CAUSES OF ACTION</u>

<u>FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT</u>

21.     Scharoun re-alleges Paragraphs 1 through 20 and incorporates the same herein by reference.

22.     Defendants were an employer under the FLSA.

23.     Scharoun is an employee under the FLSA.

24. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both Defendants' business and Scharoun's work for Defendants affected interstate commerce for the relevant time period. Scharoun's work for Defendants affected interstate commerce for the relevant time period because the materials and goods that Scharoun used, handled, and sold on a constant and/or continual basis and/or that were supplied to him by Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Scharoun's use of the same. Scharoun's work for Defendants was actually in and/or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Scharoun's work for Dallas Car Audio & Glass.

25. Upon information and belief, Defendants had gross sales or business done in excess of $500,000 annually for the years 2017, 2018, 2019, and 2020.

26. Upon information and belief, Barakat is expected to have gross sales or business done in excess of $500,000 annually for the year 2021.

27. Furthermore, Dallas Car Audio & Glass regularly employed two or more employees for the relevant time period who handled, used, and/or sold goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Dallas Car Audio & Glass business an enterprise covered under the Fair Labor Standards Act.

28. While employed, Scharoun worked an average of either 60-65 hours each week. Scharoun was paid $450.00 per week. Scharoun was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Scharoun therefore claims the half time overtime rate for each overtime hour worked above 40 hours in a work week.

29.     Notice of Scharoun's overtime wage claim was sent to Defendants in or around Dec. 8, 2020 (the "Notice").  Defendants deny any liability.

30.     Defendants willfully and intentionally refused to pay Scharoun overtime wages as required by the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.  Defendants remain owing Scharoun these wages from the commencement of Scharoun's employment for the time period specified above.

31.     As a result of Defendants' unlawful conduct, Scharoun is entitled to actual and compensatory damages, including minimum wages for the duration that he worked which was not paid and which should have been paid.

32.     Section 216(b) of the FLSA provides that any employer who violates that statute shall be liable for unpaid overtime pay and pay an additional equal amount as liquidated damages.

33.     Scharoun seeks an award of liquidated damages in an equal amount to the amount of unpaid overtime pay.

34.     Scharoun further seeks liquidated damages as a result of Defendants' willful failure and refusal to pay overtime pay in violation of FLSA.

35.     Scharoun seeks to recover compensation of the out-of-pocket expenses and costs of court he will have incurred in this action.

36.     In order for Scharoun to prosecute his claim, he had to hire the services of Khavari & Moghadassi, Attorneys at Law, and in accordance with FLSA, he is entitled to recover reasonable and necessary attorneys' fees.

## JURY DEMAND

37.     Scharoun re-alleges Paragraphs 1 through 36 and incorporates the same herein by reference.

38.     Scharoun hereby demands a trial by jury and tenders the jury fee for the same.

## <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **JAMES SCHAROUN**, prays that Defendants be cited to appear and answer and that, upon final trial, judgment be entered for James Scharoun against Defendants, MONA and NADA CORPORATION and Mike Mohmoud Barakat d/b/a Dallas Car Audio & Glass, jointly and severally, as follows:

a.   An Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid back wages due to James Scharoun and for liquidated damages in an amount equal to the unpaid compensation found due to Scharoun through the date of trial; and

b.   An Order of front wages, as allowed by law; and

c.   An Order awarding James Scharoun's costs of this action; and

d.   An Order awarding James Scharoun's attorneys' fees; and

e.   An Order awarding James Scharoun's pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.   An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


By:/s/ Rod B. Khavari
**Rod B. Khavari**
Texas Bar No. 24060090
**KHAVARI & MOGHADASSI, ATTORNEYS AT LAW**
3000 Keller Springs Road, Ste. 200
Carrollton, Texas 75006
Tel. (972) 225-4444
Fax. (972) 225-4445
rodk@dfwlawgroup.com
*Attorney for Plaintiff*